# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONNIE YOUNG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WORLD WIDE TECHNOLOGY, LLC, <br><br> Defendant. | ) <br> ) Civil No. 19-496 <br> ) <br> ) Removed from the Circuit Court of Cook <br> ) Madison, Illinois, State Court Case No. 2019-<br> ) L-000337 <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant World Wide Technology, LLC ("WWT") hereby removes this action from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois. In support of this Notice of Removal, WWT states as follows:

## OVERVIEW OF PARTIES AND ALLEGATIONS

1. Plaintiff Connie Young, individually and on behalf of all others similarly situated ("Plaintiff"), commenced this action captioned *Connie Young, individually and on behalf of all others similarly situated*, *v. World Wide Technology, LLC*, Case No. 2019-L-000337, on or about March 11, 2019, by filing her Complaint in the Circuit Court of Madison County, Illinois ("State Court Action").

2. WWT was served with a copy of the summons and complaint in the State Court Action on April 12, 2019.

1

3.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1**.[1]

4.     By her Complaint, Plaintiff alleges that WWT violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), through the use of "fingerprint" or "finger scan" technology.  (*See* Exhibit 1, Complaint, ¶¶ 3, 7, 23, 24, 27, 34, 54, 55, 59, 61, 63, 64, 91.)  Plaintiff alleges that WWT violated the BIPA by having "captured, collected, received through trade, and/or otherwise obtained" "biometric identifiers and biometric information" of persons, like Plaintiff, without: "(a) informing Plaintiff and the class in writing that biometric identifiers or biometric information were being obtained, captured, collected, and/or stored; (b) informing Plaintiff and the Class . . . in writing, of the specific purpose and length of time for which the biometric identifiers or biometric information were being collected, stored, and used; [and] (c) receiving a written release executed by Plaintiff and/or Class members and executed by Plaintiff and/or Class members as a condition of employment"; and (d) making publicly available a retention schedule and policy for destroying "biometric identifiers and information." (*Id*., ¶¶ 90-91; *see also id*., ¶ 13.)

5.     Plaintiff contends that "the Illinois Supreme Court has made clear that the Illinois legislature intended to 'subject[] private entities who fail to follow the statute's requirements to **substantial potential liability**, including liquidated damages, injunctions, attorney fees, and litigation expenses **'for each violation' of the law**'. . .".  (*Id*., ¶ 84 (emphasis in Complaint).)

---

[1] Plaintiff filed an Affidavit of Service of Summons and Complaint/Petition on April 16, 2019 and a Motion for Class Certification and Request for Discovery on Certification Issues on May 6, 2019.  These documents were not initially served on WWT, but WWT obtained copies via electronic mail from Plaintiff's counsel on May 10, 2019.  These filings from the State Court Action are included in Exhibit 1 hereto.

6. Plaintiff asserts two causes of action against WWT—one for damages (Count I) and one for injunctive relief (Count II), both under the BIPA.

7. In addition to her individual claims, Plaintiff seeks to represent a class of individuals with allegedly similar claims. In particular, Plaintiff seeks certification of a class consisting of:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant from five years preceding the filing of this action to the date a class notice is mailed in this action.

(Exhibit 1, Complaint, ¶ 75.)

8. In both the Summons and Rule 222(b) Affidavit, Plaintiff claims she seeks a recovery "in excess of $50,000.00" for just her personal claim. (Exhibit 1, Summons; Exhibit 1, Rule 222(b) Affidavit, ¶ 4.)

9. In her Prayer for Relief under Count I of the Complaint, Plaintiff seeks recovery of, among other things: "liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for each violation of BIPA." (Exhibit 1, Complaint, Count I, Prayer for Relief, ¶ D.) Plaintiff also requests an award of reasonable attorneys' fees and costs. (*Id.*, ¶ E.) Count II of the Complaint also seeks "all damages available to Plaintiff and the class available under applicable law, including statutory or liquidated damages," in addition to "commensurate injunctive relief," and attorneys' fees and costs. (Exhibit 1, Complaint, Count II, Prayer for Relief, ¶¶ D-F.)

## GROUNDS FOR REMOVAL

10. This Court has subject matter diversity jurisdiction over this action, under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. 1332(d).

11. CAFA authorizes removal of putative class actions if: (1) the amount in controversy exceeds $5,000,000 in the aggregate; (2) there exists minimal diversity of citizenship, meaning that the citizenship of at least one member of the proposed class is diverse from any defendant; and (3) the proposed class size contains at least 100 members. *See* 28 U.S.C. §§ 1332(d). Congress passed CAFA to expand federal jurisdiction over class actions. *See* Pub. L. No. 109-2, 119 Stat. 14(2)(B) (CAFA seeks to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction."); S. Rep. No. 109-14, *43, as reprinted in 2005 U.S.C.C.A.N. 3, **41 (CAFA "is intended to expand substantially federal court jurisdiction over class actions."). To effectuate its purposes, Congress directed that CAFA "should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed by any defendant." S. Rep. No. 109-14, *43, as reprinted in 2005 U.S.C.C.A.N. 3, **41.

12. The U.S. Supreme Court confirmed that 28 U.S.C. § 1446, which governs removal, does not impose an evidentiary burden on removing defendants at the time of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Rather, "a defendant's notice of removal need include only a plausible allegation" that CAFA's requirements have been met. *Id.*

13. WWT vigorously disputes the validity of Plaintiff's claims and denies that this case is appropriate for class treatment. Nevertheless, for purposes of determining whether federal jurisdiction exists, this dispute falls within the scope of CAFA.

### A. Minimal Diversity Exists.

14. For purposes of establishing federal jurisdiction, CAFA requires only minimal

diversity—that at least one member of the plaintiff class is of diverse citizenship from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

15. Upon information and belief, Plaintiff is a citizen of Illinois. (*See also* Exhibit 1, Complaint, ¶ 18.)

16. WWT is a Missouri limited liability company ("LLC"), organized under the laws of Missouri, with a principal place of business in Missouri. (*See* Complaint, ¶ 19; **Exhibit 2,** Missouri Secretary of State documents found at https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=4046018;[2] **Exhibit 3**, Declaration of Patrick McLaughlin ("McLaughlin Dec."), ¶ 5.)

17. For purposes of removing under CAFA, an LLC is considered an unincorporated association and, therefore, only the place of business and place of organization are relevant for determining citizenship. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Havron v. AT&T, Inc*., No. 09-cv-1040, 2009 WL 5030760, *2 n. 2 (S.D. Ill. Dec. 16, 2009) ("Defendant is a limited liability company ('LLC') organized under Delaware law with its principal place of business in Georgia and therefore is a citizen of Delaware and Georgia for purposes of federal diversity jurisdiction under the CAFA . . . The provision of the CAFA dealing with the citizenship of unincorporated associations, such as LLCs, is a legislative repeal, of course, of the familiar federal common-law rule that the citizenship of an unincorporated association for

---

[2] The Court can take judicial notice of records of corporations maintained online by a state secretary of state. *See e.g., Pettett Funeral Home, Ltd. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc*., 10-cv-1000, 2010 WL 5463243, *1 (S.D. Ill. Dec. 29, 2010); *Bova v. U.S. Bank, N.A*., 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (taking judicial notice of records at Illinois Secretary of State website).

diversity purposes is the citizenship of each of the association's members.") (internal citations omitted); *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1068 n. 2 (C.D. Ill. 2016) ("Noting that the defendants are LLCs, the court would normally require the citizenship of the LLCs to be properly alleged. The inquiry would require a determination of the citizenship of each member of the defendant LLCs. However, under CAFA, 'an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.'").

18. As such, WWT is only a citizen of Missouri for purposes of diversity jurisdiction under CAFA.

19. Because Plaintiff is a citizen of Illinois and WWT is not a citizen of Illinois, the CAFA requirement of minimal diversity is satisfied. 28 U.S.C. § 1332(d)(2)(A).

**B.     This Is A Class Action.**

20. A "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Federal Rule of Civil Procedure 23 or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

21. Illinois state law permits "[a]n action [to] be maintained as a class action . . . if (1) [t]he class is so numerous that joinder of all members is impracticable[,] (2) [t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) [t]he representative parties will fairly and adequately protect the interest of the class[, and] (4) [t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are

"patterned" after those of Federal Rule of Civil Procedure 23. *See Smith v. Ill. Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006). The statute is therefore a "similar State statute" under CAFA.

22. Plaintiff seeks to bring BIPA claims on behalf of "all persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant . . ." (Exhibit 1, Complaint, ¶ 83.)

23. Hence, this action is a "class action" under CAFA.

### C.  Putative Class Numerosity Is Satisfied.

24. Based upon WWT's review of its internal records, over 2,200 persons working in WWT facilities have been enrolled in the time clock system described in the Complaint between March 11, 2014[3] and May 9, 2019. (McLaughlin Dec., ¶ 7.)

25. Accordingly, based upon the Complaint's allegations, the putative class size consists of at least 100 members and satisfies 28 U.S.C. § 1332(d)(5)(B).

### D.  The Amount in Controversy Exceeds $5,000,000.

26. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(6). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg v. Serv. Corp.*

---

[3] Plaintiff's proposed definition limits the class to "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock . . . from five years preceding the filing of this action. . ." (Complaint, ¶ 75.) WWT disputes that this temporal scope is appropriately defined and contends that a shorter statute-of-limitations applies to claims under the BIPA. Nevertheless, Plaintiff has put at issue the claims of this larger group.

*Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*

27. Plaintiff has not alleged the specific, total amount of damages she seeks on behalf of the putative class under BIPA. However, based on the allegations contained in the Complaint, it is clear that the Complaint seeks classwide relief that would exceed the sum or value of $5,000,000.

28. As already noted, WWT vigorously disputes the validity of Plaintiff's claims and denies that this case is appropriate for class treatment. For purposes of determining whether federal jurisdiction exists under CAFA, however, the aggregate amount in controversy exceeds $5,000,000 based upon the allegations in the Complaint.

29. The BIPA allows a "person aggrieved by a violation" of the statute to sue a private entity in state court or as a supplemental claim in federal court. 740 ILCS 14/20. The BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Alternatively, actual damages are recoverable. *Id*. The statute also provides for recovery of an injunction and attorneys' fees and costs. *Id.*

30. If Plaintiff is typical of class members and each seeks "in excess of $50,000.00" as Plaintiff does (*see supra* ¶ 8), the amount in controversy in this case would easily exceed $5,000,000.00 even if there were only 100 members of the proposed class. During the time period allegedly covered by the Complaint, however, WWT had over 2,200 individuals working

in WWT facilities and who had clocked in and out of their shifts using the time clock system identified in the Complaint.[4]

31.     Plaintiff asserts that she is seeking in excess of $50,000 for her personal claim, though she was assigned to a WWT facility for less than three weeks.  The BIPA provides damages of $1,000 per negligent violation and $5,000 per willful violation.  Thus, it appears that Plaintiff must be asserting that each use of the timeclock system amounts to a separately compensable violation of the BIPA or amounts to multiple violations of the BIPA.  WWT strongly denies that this would be the proper measure of damages under the BIPA, but it is clear that Plaintiff has put at issue more than $5,000,0000.[5]

32.     Plaintiff also seeks liquidated statutory damages of $5,000 per class member if WWT is found to have willfully and/or recklessly committed BIPA violations.  (*See* Exhibit 1, Complaint, ¶ 93.)

33.     In addition to statutory damages and injunctive relief, Plaintiff seeks attorneys' fees and costs.  (*See* Exhibit 1, Complaint, Prayer for Relief, ¶ E.)

34.     As such, the amount in controversy in this case will easily exceed the threshold requirement, giving a federal court jurisdiction over this matter.  *See, e.g., Bloomberg v. Serv. Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has

---

[4] WWT denies that each of these 2,200 individuals could have a claim under BIPA because, among other reasons, some of them did not reside in Illinois or work at any Illinois facility.  Plaintiff, however, purports to define the class to include all individuals at WWT during the relevant time period, so the claims of 2,200 individuals have been put "at issue" for purposes of the CAFA analysis.

[5] WWT denies that Plaintiff has alleged an actionable violation of BIPA each and every time they clocked in and out (indeed, that she has any claim at all).  Such a result would conflict with a plain language interpretation of the BIPA. Nonetheless, for purposes of removal, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining the amount in controversy.

explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

35. The collective value of the relief sought in this case satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(6).

### E. Removal To This Court Is Timely And Proper.

36. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because WWT has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

37. This Notice of Removal is timely filed because it is filed within thirty (30) days of the date that WWT was served with the initial pleading in compliance with 28 U.S.C. § 1446(b)(1) and Federal Rule of Civil Procedure 6(a).

38. The United States District Court for the Southern District of Illinois is the federal judicial district embracing the Circuit Court of Madison County, Illinois, where this suit was originally filed. Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

39. A copy of this Notice of Removal will be filed in the Circuit Court of Madison County, Illinois, and served upon Plaintiff's counsel, and all other counsel of record, pursuant to 28 U.S.C. § 1446(d).

### RESERVATION OF RIGHTS AND DEFENSES

40. WWT hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of WWT's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home*

*Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.  That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

## CONCLUSION

WHEREFORE, World Wide Technology, LLC respectfully requests that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law.  WWT further requests that the removal of this action be entered on the docket of this Court and that the Court grant it other and further relief to which it may be legally and equitably entitled.

Dated: May 10, 2019                     Respectfully submitted,

                                        WORLD WIDE TECHNOLOGY, LLC


                                        *By: /s/ Lauren J. Caisman*

                                        *Attorneys for Defendant World Wide Technology, LLC*

                                        Robert T. Ebert, Jr.
                                        Darci Madden
                                        BRYAN CAVE LEIGHTON PAISNER LLP
                                        One Metropolitan Square
                                        211 North Broadway, Suite 3600
                                        St. Louis, Missouri 63102
                                        Telephone: (314) 259-2000
                                        Facsimile: (314) 259-2020
                                        rtebert@bryancave.com
                                        dfmadden@bclplaw.com

                                        Lauren J. Caisman

BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5079
Facsimile: (312) 698-7479
lauren.caisman@bclplaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing document was served via electronic mail and first class U.S. Mail, postage prepaid, this 10th day of May, 2019, to the following counsel of record:

Brandon M. Wise
Paul A. Lesko
Pfeiffer Wolf Carr & Kane, APLC
818 Lafayette Ave., Floor 2
St. Louis, Missouri 63104
bwise@pwcklegal.com
plesko@pwcklegal.com
*Attorneys for Plaintiff*

*/s/ Lauren J. Caisman*
Lauren J. Caisman