**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CONNIE YOUNG, INDIVIDUALLY | ) | |
| AND ON BEHALF OF ALL OTHERS | ) | |
| SIMILARLY SITUATED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 19-cv-496 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| WORLD WIDE TECHNOLOGY, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WORLD WIDE TECHNOLOGY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant World Wide Technology, LLC ("Defendant" or "WWT"), by and through its attorneys, Bryan Cave Leighton Paisner LLP, submits the following Answer to Plaintiff Connie Young's ("Plaintiff") Class Action Complaint ("Complaint"). Defendant advises that the employer for the non-contractor employees at the facility in question was World Wide Technology Holding Company, LLC.

### INTRODUCTION

1.      Plaintiff began working for Defendant in on or about 2016.

**ANSWER:**   Defendant denies that Plaintiff was ever employed by Defendant. Defendant admits that Plaintiff was assigned by another company to work at Defendant's premises in or around May 2016.  Except as expressly stated, Defendant denies the allegations in this paragraph.

2.      Plaintiff worked for Defendant in Illinois.

**ANSWER:**   Defendant denies that Plaintiff was ever employed by Defendant. Defendant admits that Plaintiff was assigned by another company to work at Defendant's

premises in or around May 2016 in Illinois.  Except as expressly stated, Defendant denies the allegations in this paragraph.

3.      While most establishments and employers use conventional methods for tracking time worked (such as ID badge swipes or punch clocks), Defendant, upon information and belief, mandated and required that employees have finger(s) scanned by a biometric timekeeping device.

**ANSWER**:  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding what methods establishments or employers other than Defendant use to track time worked or whether those methods are "conventional."  Except as expressly stated, Defendant denies the allegations in this paragraph.

4.      Unlike ID badges or time cards - which can be changed or replaced if stolen or compromised - biometrics are unique, permanent biometric identifiers associated with each employee.

**ANSWER**:  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the nature of "biometrics."  Defendant denies that its time tracking system collected, captured, used, or stored any "biometrics" or "biometric identifiers."  Defendant denies that its time tracking system exposed its workers to any privacy risks, risks of identity theft or unauthorized tracking, or any other harm.  Except as expressly stated, Defendant denies the allegations in this paragraph.

5.      This exposes Defendant's employees, including Plaintiff, to serious and irreversible privacy risks.

**ANSWER**:  Defendant denies the allegations in this paragraph.

6.      For example, if a biometric database is hacked, breached, or otherwise exposed - such as in the recent Equifax data breach — employees have __*no*__ means by which to prevent identity theft, unauthorized tracking, and other improper or unlawful use of this information.

**ANSWER:**  Defendant denies the allegations in this paragraph.

7.      As an employee/worker of Defendant, Plaintiff was required to "clock in" and "clock out" of work shifts by having her fingerprint scanned by a biometric timeclock which identified each employee, including Plaintiff.

**ANSWER:**  Defendant denies the allegations in this paragraph.

8.      The Illinois Biometric Information Privacy Act (hereinafter "BIPA" or the "Act") expressly obligates Defendant to obtain an executed, written release from an individual, as a condition of employment, in order to capture, collect, and store an individual's biometric identifiers or biometric information, especially a fingerprint or hand geometry scan, and biometric information derived from it.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

9.      BIPA further obligates Defendant to inform its employees in writing that a biometric identifier or biometric information is being collected or captured; to tell its employees in writing for how long it will store their biometric data or information and any purposes for which biometric information is being captured, collected, and used; and to

make available a written policy disclosing when it will permanently destroy such information.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

10.  BIPA makes all of these requirements a *precondition* to the collection or recording of fingerprints, hand geometry scans, or other associated biometric information - under the Act, no biometric identifiers or biometric information may be captured, collected, purchased, or otherwise obtained if these pre-capture, pre-collection, pre-storage, or pre-obtainment requirements are not met.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

11.  The State of Illinois takes the privacy of biometric data seriously.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

12.     There is no realistic way, absent surgery, to reassign someone's biometric data. A person can obtain a new social security number, but not a new hand, which makes the protection of, and control over, biometric identifiers and biometric information particularly.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

13.     Defendant captured, collected, received through trade, and/or otherwise obtained and biometric identifiers or biometric information of their Illinois employees, like Plaintiff, without properly obtaining the above-described written executed release, and without making the required disclosures concerning the collection, storage, use, or destruction of biometric identifiers or information.

**ANSWER:**  Defendant denies the allegations in this paragraph.

14.     Additionally, upon information and belief, Plaintiff and the Class members are aggrieved because, upon information and belief, Defendant improperly disclosed employees' biometric data to out-of-state third-party vendors in violation of BIPA.

**ANSWER:**  Defendant denies the allegations in this paragraph.

15.     Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's or the Class's biometric data as required by BIPA.

**ANSWER:**  Defendant denies the allegations in this paragraph.

16.     Plaintiff and the putative Class are aggrieved by Defendant's failure to destroy their biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of employees' last interactions with the company.

**ANSWER:**  Defendant denies the allegations in this paragraph.

17.     Plaintiff seeks damages and injunctive relief for Defendant's BIPA violations, for herself and all those similarly situated.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and denies the allegations in this paragraph.

### PARTIES, JURISDICTION, AND VENUE

18.     Plaintiff Connie Young is an individual citizen of the State of Illinois.

**ANSWER:**   Defendant admits that Plaintiff is an individual.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

19.     Defendant World Wide Technology, LLC is a Missouri limited liability company.

**ANSWER:**   Defendant admits the allegations in this paragraph.

20.     Jurisdiction is proper in this Court as Plaintiff is a citizen of Illinois and Defendant operates multiple business operations in Illinois, including in this county.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.   To the extent a response is required, Defendant admits that it transacts business in Illinois.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to Plaintiff's citizenship.

21.     Venue is proper in this court pursuant to 735 ILCS 5/2-101 as, upon information and belief, Defendant does business in this county.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.   To the extent a response is required, Defendant admits that it transacts business in Madison County, Illinois.

## PLAINTIFF SPECIFIC ALLEGATIONS

22.     Plaintiff began working for Defendant on or about 2016.

**ANSWER**:   Defendant denies that Plaintiff was ever employed by Defendant. Defendant admits that Plaintiff was assigned by another company to work at Defendant's premises in or around May 2016.  Except as expressly stated, Defendant denies the allegations in this paragraph.

23.     Plaintiff is required to "clock-in" and "clock-out" using a timeclock that operated, at least in part, by scanning Plaintiff's fingerprints.

**ANSWER**:  Defendant denies the allegations in this paragraph.

24.     As an employee, Plaintiff was required to scan her fingers (index and pinky) multiple times so Defendant could create, collect, capture, construct, store, use, and/or obtain a biometric template for Plaintiff.

**ANSWER**:  Defendant denies the allegations in this paragraph.

25.     Defendant then used Plaintiff's biometrics as an identification and authentication method to track her time, potentially with the help of a third-party vendor.

**ANSWER**:  Defendant denies the allegations in this paragraph.

26.     Defendant subsequently stored Plaintiff's biometric data in its /their database(s).

**ANSWER**:  Defendant denies the allegations in this paragraph.

27.     Each time Plaintiff began and ended her workday, in addition to clocking in and out for lunches and, upon information and belief, breaks, she was required to scan her fingerprint using the biometric timeclock device.

**ANSWER**:  Defendant denies the allegations in this paragraph.

28.     Plaintiff has never been informed of the specific limited purposes or length of time for which Defendant collected, stored, or used her biometrics.

**ANSWER**:  Defendant denies the allegations in this paragraph.

29.     Plaintiff has never been informed of any biometric data retention policy developed by Defendant, nor has she ever been informed of whether Defendant will ever permanently delete her biometrics.

**ANSWER**:  Defendant denies the allegations in this paragraph.

30.     Plaintiff has never been provided with nor ever signed a written release allowing Defendant to collect, capture, store, or otherwise obtain her fingerprint print, handprint, hand geometry, or other biometrics.

**ANSWER**:  Defendant denies that it ever collected, captured, stored, or otherwise obtained Plaintiff's fingerprint, print, handprint, hand geometry, "or other biometrics." Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

31.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's violations of BIPA alleged herein.

**ANSWER**:  Defendant denies the allegations in this paragraph.

32.     BIPA protects employees like Plaintiff and the putative Class from this precise conduct, and Defendant had no right to secure this data.

**ANSWER**:  Defendant denies that it "secure[d] this data" and denies the allegations in this paragraph.

33.     Through BIPA, the Illinois legislature has created a right — a right to receive certain information prior to an employer securing their highly personal, private and proprietary biometric data — and an injury — not receiving this extremely critical information.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies that the BIPA applies to the time tracking system or the components that Defendant uses and denies the allegations in this paragraph.

34.     Pursuant to 740 ILCS 14/15(b), Plaintiff and the putative Class were entitled to receive certain information prior to Defendant securing their biometric data; namely, information advising them of the specific limited purpose(s) and length of time for which it/they collect(s), store(s), and use(s) their fingerprints and any biometrics derived therefrom; information regarding Defendant's biometric retention policy; and, a written release allowing Defendant to collect and store their private biometric data.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in this paragraph.

### ILLINOIS'S STRONG STANCE ON PROTECTION OF BIOMETRIC INFORMATION

35.     BIPA provides valuable privacy rights, protections, and benefits to employees in Illinois.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that

the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.

36.     For example, BIPA's requirements ensure that the environment for taking of biometrics is not forced or coerced; that individuals are freely advised that, by scanning one's fingerprint and/or finger geometry, the employer is capturing, extracting, creating, and recording biometrics; that individuals can keep tabs on their biometric roadmaps *(e.g.,* who has their biometrics, for how long, and how it is being used), including after one's employment ceases, or after the employer stops storing the employee's biometrics if at all, when employer-employee files or policies may not be freely accessible; that individuals can evaluate the potential consequences of providing their biometrics; that companies must give individuals the right, and opportunity, to freely consent (or decline consent) before taking their biometrics; that, if the disclosure does not say so, the employee's biometrics will not be used for any other purpose except for employee time and attendance and will not be used to run a criminal background check; and that their biometrics are being handled with a measure of security. The' BIPA-required environment for the taking of biometrics provides legislatively-imposed peace for biometric subjects.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as

expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

37.      To this end, in passing the Biometric Information Privacy Act (hereinafter "the Act"), the Illinois General Assembly found:

    a. The use of biometrics is growing in the business and security screening sectors and appears to promise streamlined financial transactions and security screenings.

    b. Major national corporations have selected the City of Chicago and other locations in this State as pilot testing sites for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias.

    c. Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.

    d. An overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information.

    e. Despite limited State law regulating the collection, use, safeguarding, and storage of biometrics, many members of the public are deterred from partaking in biometric identifier-facilitated transactions.

    f. The full ramifications of biometric technology are not fully known.

    g. The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

See, 740 ILCS 14/5, Legislative findings; intent.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA and the legislative history speak for themselves.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in

this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes 740 ILCS 14/5.  Defendant denies that it violated the BIPA.

38.     The law is specifically designed to require a company that collects biometrics to jump through several hoops, *before collection,* aimed, in part, at educating and protecting the person whose biometrics it is taking for its own use, and requiring signed, written consent attesting that the individual has been properly informed and has freely consented to biometrics collection.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

39.     The Act defines "Biometric identifier" as:

a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color. Biometric identifiers do not include donated organs, tissues, or parts as defined in the Illinois Anatomical Gift Act or blood or serum stored on behalf of recipients or potential recipients of living or cadaveric transplants and obtained or stored by a federally designated organ procurement agency. Biometric identifiers do not include biological materials regulated under the Genetic Information Privacy Act. Biometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996. Biometric identifiers do not include an X-ray, roentgen process, computed tomography, MRI, PET scan, mammography, or other image or film of the human anatomy used to diagnose, prognose, or treat an illness or other medical condition or to further validate scientific testing or screening.

See, 740 ILCS 14/10.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.   To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.   Except as expressly stated, Defendant admits that Plaintiff accurately quotes the definition of "Biometric identifier" of 740 ILCS 14/10.  Defendant denies that it violated the BIPA.

40.    The Act defines "Biometric information" as:

any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers.

See, 740 ILCS 14/10.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.   To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.   Except as expressly stated, Defendant admits that Plaintiff accurately quotes the definition of "Biometric information" of 740 ILCS 14/10.  Defendant denies that it violated the BIPA.

41.    The Act defines "Confidential and sensitive information" as:

personal information that can be used to uniquely identify an individual or an individual's account or property. Examples of confidential and sensitive information include, but are not limited to, a genetic marker, genetic testing information, a unique identifier number to locate an account or property, an account number, a PIN number, a pass code, a driver's license number, or a social security number.

See, 740 ILCS 14/10.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes the definition of "Confidential and sensitive information" of 740 ILCS 14/10.  Defendant denies that it violated the BIPA.

42.   The Act defines "Private entity" as:

any individual, partnership, corporation, limited liability company, association, or other group, however organized. A private entity does not include a State or local government agency. A private entity does not include any court of Illinois, a clerk of the court, or a judge or justice thereof.

See, 740 ILCS 14/10.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes the definition of "Private entity" of 740 ILCS 14/10.  Defendant denies that it violated the BIPA.

43.   The Act defines "Written release" as:

informed written consent or, in the context of employment, a release executed by an employee as a condition of employment

See, 740 ILCS 14/10.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that

the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes the definition of "Written release" of 740 ILCS 14/10.  Defendant denies that it violated the BIPA.

44.    The Act requires:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

740 ILCS 14/15(a).

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes 740 ILCS 14/15(a). Defendant denies that it violated the BIPA.

45.    Additionally, the Act provides:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:
>
>> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a metric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes 740 ILCS 14/15(b).  Defendant denies that it violated the BIPA.

46.    Further, the Act provides:

No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information.

740 ILCS 14/15(c).

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes 740 ILCS 14/15(c).  Defendant denies that it violated the BIPA.

47.    The Act also provides:

No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

> (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

> (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d).

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes 740 ILCS 14/15(d). Defendant denies that it violated the BIPA.

48.   Furthermore, the Act provides:

A private entity in possession of a biometric identifier or biometric information shall:

> (1) store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry; and

> (2) store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

740 ILCS 14/15(e).

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations of this paragraph.  Except as expressly stated, Defendant admits that Plaintiff accurately quotes 740 ILCS 14/15(e).  Defendant denies that it violated the BIPA.

49.     BIPA provides statutory damages if an employer takes an employee's biometrics and invades an employee's privacy by circumventing BIPA's preconditions and requirements.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

50.     The Act explicitly provides a private right of action for violations of the Act, and provides that a prevailing party "may recover for each violation:"

> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>
> (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;
>
> (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and
>
> (4) other relief, including an injunction, as the State or federal court may deem appropriate.

740 ILCS 14/20.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.   To the extent a response is required, Defendant states that the BIPA speaks for itself.   To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.   Except as expressly stated, Defendant admits that Plaintiff accurately quotes portions of 740 ILCS 14/20. Defendant denies that it violated the BIPA.

51.     In enacting BIPA, the Illinois General Assembly explicitly singled out and bound employers to BIPA's requirements. 740 ILCS § 14/10 (defining "Written release" in the context of employment); 740 ILCS 5 14/15(b)(3).

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.   To the extent a response is required, Defendant states that the BIPA speaks for itself.   To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.   Except as expressly stated, Defendant denies the allegations in this paragraph.   Defendant denies that it violated the BIPA.

52.     In fact, BIPA requires express written consent not only in order to capture or collect biometrics in the first place, but in the context of employment, the requirement goes a step further: the employer must obtain "informed written consent," in the form of "a release executed by an employee," and further, the release must be executed "as a condition of employment." *Id.* These formalized protections enable employees to freely consent to the taking of their biometrics.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.   To the extent a response is required, Defendant states that

the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

53.    Defendant violated these clear protections of the Act; Defendant violated, and upon information and belief, continue to violate its employees' biometric privacy rights.

**ANSWER:**  Defendant denies the allegations in this paragraph.

### DEFENDANT'S BIOMETRIC FINGER-SCANNING OF EMPLOYEES

54.    At relevant times, Defendant has taken the rather invasive and coercive step of requiring employees to be fingerprint scanned, and then using biometric information captured from those fingerprint scans, and data derived therefrom, to identify the employee and track employee work time.

**ANSWER:**  Defendant denies the allegations in this paragraph.

55.    After an employee's finger scans are captured, collected, and/or recorded by Defendant, employees are subsequently required to scan their finger into one of Defendant's biometric time clocks when they clock in or out at work.

**ANSWER:**  Defendant denies the allegations in this paragraph.

56.    Defendant captured, collected, stored, and/or otherwise obtained the employee's biometrics in order to identify and verify the authenticity of the employee who is clocking in or out.

**ANSWER:**  Defendant denies the allegations in this paragraph.

57.    Moreover, Defendant caused these biometrics to be associated with employees, along with other employee personal and work information.

**ANSWER:** Defendant denies the allegations in this paragraph.

58.     Defendant has a practice of using biometric time clocks to track its employees, albeit without regard to Illinois' requirements under BIPA.

**ANSWER:** Defendant denies the allegations in this paragraph.

59.     As part of the employee time-clocking process, Defendant caused biometrics from employee finger scans to be recorded, collected, captured, and stored at relevant times.

**ANSWER:** Defendant denies the allegations in this paragraph.

60.     Defendant has not, on information and belief, properly informed employees in writing that a biometric identifier or biometric information is being captured, obtained, collected or stored; informed employees in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; obtained employees' proper written consent to the capture, collection, obtainment or storage of their biometric identifier and biometric information derived from it; or obtained employees' executed written release as a condition of employment.

**ANSWER:** Defendant denies the allegations in this paragraph.

61.     When Plaintiff arrived for work, and when Plaintiff left or clocked in or out of work, at relevant times during her employment, Defendant required Plaintiff to submit Plaintiff's finger scan to the biometric timekeeping system.

**ANSWER:** Defendant denies the allegations in this paragraph.

62.     The system captured, collected, stored, and/or otherwise obtained Plaintiff's biometrics.

**ANSWER:** Defendant denies the allegations in this paragraph.

63.     Defendant further required Plaintiff to scan Plaintiff's finger(s) in order to use the biometric system, so that the timekeeping system captured, collected, stored, and/or otherwise obtained Plaintiff's finger scan, matched Plaintiff's finger scan biometrics, and associated Plaintiff's biometrics with Plaintiff's identity.

**ANSWER:**  Defendant denies the allegations in this paragraph.

64.     Defendant did not at any time, on information and belief: inform Plaintiff in writing (or otherwise) that a biometric identifier and biometric information was being obtained, captured, collected, and/or stored, or of the specific purposes and length of term for which a biometric identifier or biometric information was being collected, captured, stored, and/or used; obtain, or attempt to obtain, Plaintiff's executed written release to have Plaintiff's biometrics captured, collected, stored, or recorded as a condition of employment — Plaintiff did not provide consent required by BIPA to the capture, collection, storage, obtainment, and/or use of Plaintiff's fingerprint, finger scan, finger geometry, or associated biometrics. Nor did Plaintiff know or fully understand that Defendant was collecting, capturing, and/or storing biometrics when Plaintiff was scanning Plaintiff's finger; nor did Plaintiff know or could Plaintiff know all of the uses or purposes for which Plaintiff's biometrics were taken.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding Plaintiff's knowledge. Defendant denies that it violated the BIPA and denies the remaining allegations in this paragraph.

65.     Upon information and belief, Defendant has not publicly disclosed its retention schedule and guidelines for permanently destroying employee biometrics, if they exist.

**ANSWER:**  The allegations in this paragraph incorrectly assume that Defendant captured, obtained, collected, stored, used, or retained any employee's "biometric identifier" or "biometric information," as defined under the BIPA, and therefore, Defendant denies the allegations in this paragraph.  Further, Defendant denies the allegations in this paragraph.

66.    Defendant, on information and belief, has no written policy, made available to the public, that discloses its retention schedule and/or guidelines for retaining and then permanently destroying biometric identifiers and information.

**ANSWER:**  The allegations in this paragraph incorrectly assume that Defendant captured, obtained, collected, stored, used, or retained any employee's "biometric identifier" or "biometric information," as defined under the BIPA, and therefore, Defendant denies the allegations in this paragraph.  Further, Defendant denies the allegations in this paragraph.

67.    The Pay by Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Defendant's — where individuals are aware that they are providing a biometric but not aware of to whom or for what purposes they are doing so — is dangerous.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding a "Pay by Touch bankruptcy." Defendant denies that it violated the BIPA and denies the remaining allegations in this paragraph.

68.    That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers or information such as a finger scan, and/or data derived therefrom, who exactly is

collecting their biometric data, where it will be transmitted and for what purposes, and for how long.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

69.     Thus, BIPA is the Illinois Legislatures expression that Illinois citizens have biometric privacy right, as created by BIPA.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

70.     Defendant disregarded these obligations and instead unlawfully collected, stored, and used employees' biometric identifiers and information, without ever receiving the individual's informed written consent as required by BIPA.

**ANSWER:**  Defendant denies the allegations in this paragraph.

71.     Because Defendant neither published a BIPA-mandated data retention policy nor disclosed the purposes for their collection of biometric data, Defendant's employees have no idea whether Defendant sells, discloses, re-discloses, or otherwise disseminates his or her biometric data.

**ANSWER:**  Defendant denies the allegations in this paragraph.

72.     Nor are Plaintiff and the putative Class told whom Defendant currently discloses his or her biometric data, or what might happen to his or her biometric data in the event of a buyout, merger, or a bankruptcy.

**ANSWER:**  Defendant denies the allegations in this paragraph.

73.     By and through the actions detailed above, Defendant has not only disregarded the Class' privacy rights, but it has also violated BIPA.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in this paragraph.

74.     Defendant's above-described use of biometrics benefits only Defendant. There is no corresponding benefit to employees: Defendant has required or coerced employees to comply in order to receive a paycheck, after they have been committed to the job.

**ANSWER:**  Defendant denies the allegations in this paragraph.

## CLASS ALLEGATIONS

75.     Plaintiff brings this action on behalf of herself and pursuant to 735 ILCS 5/2-801 on behalf of a class (hereinafter the "Class") defined as follows:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant from five years preceding the filing of this action to the date a class notice is mailed in this action.

Excluded from the class are Defendant's officers and directors, Plaintiff's counsel, and any member of the judiciary presiding over this action.

**ANSWER:**  Defendant admits that Plaintiff purports to bring the claims set forth in her Complaint as a class action on behalf of the proposed putative class described in this paragraph,

but denies that this action may be maintained as a class action.  Defendant denies liability to Plaintiff or any member of the purported class.  Except as expressly admitted, Defendant denies the allegations in this paragraph.

76. **Numerosity:** The exact number of class members is unknown and is not available to Plaintiff at this time, but upon information and belief, there are in excess of forty potential class members, and individual joinder in this case is impracticable. Class members can easily be identified through Defendant's records and allowing this matter to proceed on a class basis will prevent any retaliation by Defendant against current employees who are currently having their BIPA rights violated.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant denies that this action may be maintained as a class action, denies liability to Plaintiff or any member of the purported class, and denies the allegations in this paragraph.

77. **Common Questions:** There are several questions of law and fact common to the claims of Plaintiff and the Class members, and those questions predominate over any questions that may affect individual Class members. Common questions include, but are not limited to, the following:

  a. whether Defendant has a practice of capturing or collecting employees' biometrics;

  b. whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendant, whichever occurs first;

    c.   whether Defendant obtained an executed written release from finger scanned employees before capturing, collecting, or otherwise obtaining employee biometrics;

    d.   whether Defendant obtained an executed written release from finger scanned employees, as a condition of employment, before capturing, collecting, converting, sharing, storing or using employee biometrics;

    e.   whether Defendant provided a writing disclosing to employees the specific purposes for which the biometrics are being collected, stored, and used;

    f.   whether Defendant provided a writing disclosing to finger scanned employees the length of time for which the biometrics are being collected, stored, and used;

    g.   whether Defendant's conduct violates BIPA;

    h.   whether Defendant's conduct was negligent, reckless, or willful;

    i.   whether Plaintiff and Class members are entitled to damages, and what is the proper measure of damages;

    j.   whether Plaintiff and Class members are entitled to injunctive relief.

**ANSWER**:  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant denies that this action may be maintained as a class action and denies liability to Plaintiff or any member of the purported class.  Except as expressly stated, Defendant denies the allegations in this paragraph.

78.   **Adequacy of Representation:**  Plaintiff will fairly and adequately represent and protect the interest of the class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiff has no interests antagonistic to those of the class, and Defendant has no defenses unique to Plaintiff.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding Plaintiff's ability to represent the class, Plaintiff's interests, and the competency, experience, and commitment of Plaintiff's counsel. Defendant denies that this action may be maintained as a class action, denies that Plaintiff is an adequate class representative, and denies liability to Plaintiff or any member of the purported class.  Except as expressly stated, Defendant denies the allegations in this paragraph.

79.  **Appropriateness:**  Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Further, it would be virtually impossible for the individual members of the Class to obtain effective relief because of the fear and likelihood of retaliation by Defendant against current employees bringing a civil action as an individual. Even if Class members were able or willing to pursue such individual litigation, a class action would still be preferable due to the fact that a multiplicity of individual actions would likely increase the expense and time of litigation given the complex legal and factual controversies presented in this Class Action Complaint. A class action, on the other hand, provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive 'supervision before a single Court, and would result in reduced time, effort and expense for all parties and the Court, and ultimately, the uniformity of decisions.

<u>**ANSWER:**</u>  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant denies that this action may be maintained as a class action and denies liability to Plaintiff or any member of

the purported class.   Except as expressly stated, Defendant denies the allegations in this paragraph.

### COUNT I — FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/1, *ET SEQ.* - THE BIOMETRIC INFORMATION PRIVACY ACT
### INDIVIDUALLY AND ON BEHALF OF THE CLASS

80.     Plaintiff, individually and on behalf of all others similarly situated, repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

**ANSWER:**   Defendant incorporates its responses to paragraphs 1 through 79 of the Complaint as if set forth fully herein.

81.     BIPA is a remedial statute designed to protect employees, by requiring consent and disclosures associated with the handling of biometrics, particularly in the context of biometric technology. 740 ILCS 14/5(g), 14/10, and 14/15(b)(3).

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Defendant denies that Plaintiff accurately characterizes the BIPA.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

82.     The Illinois General Assembly's recognition of the importance of the public policy and benefits underpinning BIPA's enactment, and the regulation of biometrics collection, is detailed in the text of the statute itself.

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA and the legislative history speak for themselves.  To the extent that Plaintiff's

characterization of the BIPA or legislative history is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

83.    Further, the Illinois Supreme Court, in a unanimous decision made clear that **"Compliance should not be difficult."** *Rosenbach v. Six Flags Entm't Corp.,* 2019 IL 123186, ¶ 37 (Jan. 25, 2019).

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA and the Illinois Supreme Court's *Rosenbach* decision speak for themselves.  To the extent that Plaintiff's characterization of the BIPA or the Illinois Supreme Court's *Rosenbach* decision is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies that Plaintiff accurately and fully characterizes the Illinois Supreme Court's *Rosenbach* decision and the BIPA.  Defendant denies that it violated the BIPA.

84.    Additionally, the Illinois Supreme Court has made clear that the Illinois Legislature intended to "subject☐ private entities who fail to follow the statute's requirements to **substantial potential liability,** including liquidated damages, injunctions, attorney fees, and litigation expenses **'for each violation' of the law** *(id. §* 20) whether or not actual damages, beyond violation of the law's provisions, can be shown. *Id.* at ¶ 36 (emphasis added).

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA and the Illinois Supreme Court's *Rosenbach* decision speak for themselves.  To the

extent that Plaintiff's characterization of the BIPA or the Illinois Supreme Court's *Rosenbach* decision is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies that Plaintiff accurately and fully quotes or characterizes the Illinois Supreme Court's *Rosenbach* decision and the BIPA. Defendant denies that it violated the BIPA.

85.   "It is clear that the legislature intended for this provision to have substantial force." *Id.* at ¶ 37.

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA and the Illinois Supreme Court's *Rosenbach* decision speak for themselves. To the extent that Plaintiff's characterization of the BIPA or the Illinois Supreme Court's *Rosenbach* decision is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies that Plaintiff accurate and fully quotes or characterizes the Illinois Supreme Court's *Rosenbach* decision and the BIPA. Defendant denies that it violated the BIPA.

86.   Defendant has been and continues to be a "private entity."

**ANSWER:**  Defendant admits the allegations in this paragraph.

87.   Defendant has been and continues to be a "private entity" in possession of Plaintiffs and other employees' biometrics, and it collected, captured, or otherwise obtained their biometric identifiers and biometric information within the meaning of the Act.

**ANSWER:**  Defendant denies the allegations in this paragraph.

88.     As more fully set forth above, at relevant times Defendant collected, captured, or otherwise obtained, Plaintiff's and other employees' biometric identifiers and biometric information based on those identifiers as defined by BIPA, 740 ILCS 14/10, through the imposition of biometric timekeeping devices.

**ANSWER:**  Defendant denies the allegations in this paragraph.

89.     In violation of 740 ILCS 14/15(a), Defendant failed to make such a written policy publicly available to Plaintiff and other class members.

**ANSWER:**  Defendant denies the allegations in this paragraph.

90.     In violation of 740 ILCS 14/15(b), Defendant has collected, captured, stored, and/or otherwise obtained Plaintiff's and other class members' biometric identifiers and biometric information, without:

   a. informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, that the biometric identifiers or biometric information were being obtained, collected, captured, and/or stored;

   b. informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used; and

   c. receiving a written release executed by Plaintiff and/or Class members and executed by Plaintiff and/or Class members as a condition of employment.

**ANSWER:**  Defendant denies the allegations in this paragraph.

91.     Defendant took Plaintiff's and other class members' finger scans, and knowingly caused their biometrics to be captured, collected, stored, and/or otherwise obtained without making publicly available the required policy that explains, for example, any purposes for which the biometric identifiers and information were collected, a retention

schedule, and guidelines for permanently destroying biometric identifiers and information.

**ANSWER:** Defendant denies the allegations in this paragraph.

92.     As a result of Defendant's above- described acts and omissions, Defendant has invaded the privacy of Plaintiff and the Class; it has unlawfully and coercively taken their biometrics; it has failed to provide them with information required by BIPA; it has deprived them of benefits, rights, opportunities and decisions conferred and required by the Illinois legislature via BIPA; and it illegally captured, collected, recorded, possessed, converted, and/or stored their finger scans, biometrics, and property.

**ANSWER:** Defendant denies the allegations in this paragraph.

93.     Accordingly, Defendant has violated the BIPA, and Plaintiff and the Class have been damaged and are entitled to damages available under the BIPA, including liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater. 740 ILCS 14/20(1).

**ANSWER:** Defendant denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class of similarly situated individuals, prays for an Order as follows:

A.      Finding this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.,* and certifying the Class as defined herein;

B.      Designating and appointing Plaintiff as representative of the Class and Plaintiff's undersigned counsel as Class Counsel;

C.      Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.      Awarding Plaintiff and the Class members liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for each violation of BIPA;

E.      Awarding Plaintiff and the Class members reasonable attorneys' fees and costs incurred in this litigation; and

F.      Granting all such other and further relief as the Court deems just and appropriate.

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief sought in this "Prayer for Relief"/"Wherefore" paragraph, including all subparts, and denies the allegations in this paragraph.

### COUNT II — FOR INJUNCTIVE RELIEF AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/1, *ET SEQ.* - THE BIOMETRIC INFORMATION PRIVACY ACT

94.     Plaintiff, individually and on behalf of all others similarly situated, repeats, re-alleges, and incorporates all preceding paragraphs as if fully set forth herein.

**ANSWER:**  Defendant incorporates its responses to paragraphs 1 through 93 of the Complaint as if set forth fully herein.

95.     BIPA provides for injunctive relief. 740 ILCS 14/20(4).

**ANSWER:**  The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Defendant denies

that Plaintiff accurately characterizes the BIPA.  Except as expressly stated, Defendant denies

the allegations in this paragraph.  Defendant denies that it violated the BIPA.

96.      Plaintiff and other Class members are entitled to an order requiring Defendant to

make disclosures consistent with the Act and enjoining further unlawful conduct.

**ANSWER:**  Defendant denies the allegations in this paragraph.

97.      First, Plaintiff seeks an order requiring Defendant to publicly disclose a

written policy establishing any specific purpose and length of term for which Plaintiff

and other employees' biometrics have been collected, captured, stored, obtained, and/or

used, as well as guidelines for permanently destroying such biometrics when the initial

purpose for collecting or obtaining such identifiers or information has been satisfied or

within 3 years of the individual's last interaction with the private entity, whichever

occurs first, as required by 740 ILCS 14/15(a).

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief sought in this

paragraph and denies the allegations in this paragraph.

98.      Second, Plaintiff seeks an order requiring Defendant to disclose whether

Defendant has retained Plaintiffs and other employees' biometrics in any fashion, and

if, when, and how such biometrics were permanently destroyed, consistent with BIPA.

**ANSWER:**  Defendant denies that Plaintiff is entitled to the relief sought in this

paragraph and denies the allegations in this paragraph.

99.      Third, due to the above-described facts, and Defendant's failure to make

publicly available facts demonstrating BIPA compliance as BIPA requires, Defendant

should be ordered to: (i) disclose if (and if, precisely how, and to whom) it has

disseminated, sold, leased, traded, or otherwise profited from Plaintiff and other finger

scanned employees' biometrics, which is strictly prohibited under BIPA; and (ii) disclose the standard of care that it employed to store, transmit, and protect such biometrics, as provided under BIPA. 740 ILCS 14/15(c), (d), (e).

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and denies the allegations in this paragraph.

100.   Fourth, Defendant should be enjoined from further BIPA non-compliance and should be ordered to remedy any BIPA compliance deficiencies forthwith.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and denies the allegations in this paragraph.

101.   Plaintiffs and other Class members' legal interests are adverse to Defendant's legal interests. There is a. substantial controversy between Plaintiff and Class members and Defendant warranting equitable relief so that Plaintiff and the Class may obtain the protections that BIPA entitles them to receive.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and denies the allegations in this paragraph.

102.   Plaintiff and the Class do not know what Defendant has done (or intends to do) with their biometrics. Absent injunctive relief, Defendant is likely to continue its BIPA non-compliance and Plaintiff and other Class members will continue to be in the dark on the subject.

**ANSWER:**   Defendant denies the allegations in this paragraph.

103.   For the reasons set forth above, Plaintiff is likely to succeed on the merits of Plaintiff's claims.

**ANSWER:**   Defendant denies the allegations in this paragraph.

104.    BIPA establishes the importance, value, and sensitive nature of biometrics, along with the need to protect and control it; Plaintiff is entitled to know what Defendant has done with it as set forth above, and to an affirmation and verification that it has been or will be permanently destroyed as required by 740 ILCS 14/15(a).

**ANSWER:**   The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph.  Defendant denies that it violated the BIPA.

105.    The gravity of the harm to Plaintiff and the Class, absent equitable relief, outweighs any harm to Defendant if such relief is granted.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and denies the allegations in this paragraph.

106.    As a result, Plaintiff requests commensurate injunctive relief.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and denies the allegations in this paragraph.

**WHEREFORE**, Plaintiff, individually and on behalf of the class, prays for an Order as follows:

A.    Finding this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.,* and certifying the class defined herein;

B.    Designating and appointing Plaintiff as representative of the class and Plaintiff's undersigned counsel as class counsel;

C.      Entering judgment in favor of Plaintiff and the class and against Defendant;

D.      Awarding Plaintiff and the class members all damages available to Plaintiff and the class available under applicable law, including statutory or liquidated damages;

E.      Providing commensurate injunctive relief for Plaintiff and class members as set forth above;

F.      Awarding Plaintiff and the Class members reasonable attorneys' fees and costs incurred in this litigation; and

G.      Granting all such other and further relief as the Court deems just and appropriate.

**ANSWER:**   Defendant denies that Plaintiff is entitled to the relief sought in this "Wherefore" paragraph, including all subparts, and denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Good Faith and Substantial Compliance)

1.1.    The Complaint is barred, in whole or in part, because Defendant's substantial compliance with the requirements of the BIPA excuses any alleged procedural or technical violations of the BIPA.

1.2.    To the extent that the BIPA applies to Defendant's time tracking system or devices, the claims are barred in whole or in part based on Defendant's good faith and reasonable interpretation of the BIPA and substantial compliance therewith.

1.3.    Defendant utilized its time tracking practices and devices for legitimate business purposes.

1.4.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Defendant's own confidential or other sensitive information.

1.5.    To the extent the BIPA applies to Defendant's time tracking devices, the BIPA requirements are satisfied by disclosures regarding Defendant's time tracking system that persons employed by or working for Defendant received at or around the time of their hire or initial assignment to work at one of Defendant's locations.

**Second Affirmative Defense**

**(Due Process)**

2.1.    The Complaint is barred, in whole or in part, by the Due Process Clause of the United States Constitution and/or the Constitution of the State of Illinois.

2.2.    Plaintiff alleges that she and the putative class members she seeks to represent are entitled to recover $1,000 or $5,000 in statutory liquidated damages for each alleged violation of the BIPA.

2.3.    Assuming *arguendo* that Plaintiff's allegations are true, such allegations amount only to a bare procedural or technical violation of the BIPA.

2.4.    Plaintiff and/or members of the putative class have not suffered any actual injury or other harm as a result of any violation of the BIPA.

2.5.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been compromised by a data breach, identity theft, or other unauthorized disclosure.

2.6     Nor have any such "biometric identifiers" or "biometric information" been misappropriated, misused, subject to an improper sale, lease, trade, or profit.

2.7.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Defendant's own confidential or other sensitive information.

2.8.    Harm that is speculative and/or hypothetical is not a cognizable injury or otherwise actionable under the BIPA, and does not render Plaintiff or any putative class member "aggrieved" by the alleged violation of the BIPA.

2.9.    The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's and/or putative class members' claims and allegations, are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and/or members of the putative class.

2.10.   The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's and/or putative class members' claims and allegations, would result in a windfall to Plaintiff and/or putative class members because the BIPA's liquidated damages per-violation on a class-wide basis would be entirely disparate to a technical violation of the statute.

2.11.   Therefore, any award of statutory liquidated damages to the Plaintiff or putative class members would violate Defendant's due process rights.

## **Third Affirmative Defense**

### **(Unenforceable Liquidated Damages)**

3.1.    The Complaint is barred, in whole or in part, because the BIPA's liquidated statutory damages provision is not enforceable.

3.2.    Plaintiff alleges that she and the putative class members she seeks to represent are entitled to recover $1,000 or $5,000 in statutory liquidated damages for each alleged negligent violation of the BIPA.

3.3.    Plaintiff and/or members of the putative class do not even seek to recover actual damages.

3.4.    Assuming *arguendo* that Plaintiff's allegations are true, such allegations amount only to a bare procedural or technical violation of the BIPA.

3.5.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been compromised by a data breach, identity theft, or other unauthorized disclosure.

3.6.    Nor have any such "biometric identifiers" or "biometric information" been misappropriated, misused, subject to an improper sale, lease, trade, or profit.

3.7.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Defendant's own confidential or other sensitive information.

3.8.    Harm that is speculative and/or hypothetical is not a cognizable injury or otherwise actionable under the BIPA, and does not render Plaintiff or any putative class member "aggrieved" by the alleged violation of the BIPA.

3.9.    The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's claims and allegations, do not reasonably estimate Plaintiff's and/or putative class members' actual damages, which are zero.

3.10.   Accordingly, any such recovery would not be a reasonable estimate of actual damages, but instead would be more akin to punitive damages for strict liability— given that Plaintiff and the putative class members have not suffered any injury nor incurred any harm to warrant such relief.

3.11.   Therefore, Plaintiff and/or members of the putative class should not be permitted to recover statutory liquidated damages where no actual damages have been suffered or alleged.

<u>**Fourth Affirmative Defense**</u>

**(Waiver/Authorization/Consent/Ratification/Acquiescence)**

4.1.    The Complaint is barred, in whole or in part, because of Plaintiff's and any putative class members' authorization, consent to, ratification of, and/or acquiescence to Defendant's time tracking practices and use of Defendant's time tracking devices.

4.2.    Plaintiff and the putative class members actually or constructively consented and agreed, either expressly or impliedly, to the non-invasive use of Defendant's time tracking devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily

use Defendant's time tracking devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

## Fifth Affirmative Defense

### (Estoppel)

5.1.    The Complaint is barred, in whole or in part, by the doctrine of estoppel.

5.2.    Plaintiff and the putative class members actually or constructively consented and agreed, either expressly or impliedly, to the non-invasive use of Defendant's time tracking devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily use Defendant's time tracking devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

## Sixth Affirmative Defense

### (Laches)

6.1.    The Complaint is barred, in whole or in part, by the doctrine of laches to the extent Plaintiff and the putative class members unreasonably delayed before asserting their purported rights under BIPA and, thereby, cause undue prejudice to Defendant.

6.2.    Defendant implemented its time tracking system at issue in or around 2007.

6.3.    Plaintiff and each putative Class member knew of Defendant's time tracking system conduct, and even participated in using Defendant's time tracking devices for years.

6.4.    Neither Plaintiff nor any potential class member ever expressed a concern about Defendant's time tracking system, nor did they request to use the alternative method of clocking in/clocking out that existed.

6.5.    Yet Plaintiff did not file this lawsuit until March 11, 2019.

## Seventh Affirmative Defense

### (Unclean Hands)

7.1.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands, due to Plaintiff's and/or putative class members' own acts and/or omissions with respect to the subject matter of the Complaint.

7.2.    Plaintiff and each putative class member approved and participated in the complained-of conduct by using, and agreeing to use, Defendant's time tracking systems, practices, and devices.

## Eighth Affirmative Defense

### (Last Clear Chance or Avoidance)

8.1.    The Complaint is barred, in whole or in part, by the doctrines of last clear chance and/or avoidance.

8.2.    Plaintiff and/or members of the putative class (the existence of which is expressly denied) had the ability and/or the last clear chance to avoid using Defendant's time tracking devices and thus, to avoid any harm or damage they have allegedly suffered.

8.3.    Plaintiff and the putative class members chose to use Defendant's time tracking devices, without threat, coercion or compulsion, as part of the time tracking systems or procedures at their place of work, and continued to voluntarily use Defendant's time tracking devices with knowledge of their operation and without making any inquiry or objection concerning the collection, use, or retention of any data or information.

## Ninth Affirmative Defense

### (Contributory/Comparative Fault)

9.1.    Defendant places in issue the negligence, faults, and responsibilities of all persons and entities, including Plaintiff and/or members of the putative class (the existence of which is expressly denied), Plaintiff's employer, the putative class members' employers, and the timeclock technology vendors or software license providers, that have contributed in any degree to the injuries and damages alleged to have been sustained by Plaintiff and/or members of the putative class.

9.2.    Assuming that 100% represents the total combined negligence or fault, the negligence or fault of parties other than Defendant is more than 50% of the total proximate cause of the alleged damages and, therefore, there is no liability on the part of Defendant.

9.3.    In the alternative, judgment against Defendant, if any, should be diminished to an amount that represents Defendant's degree of negligence, fault, or responsibility, if any.

9.4.    If Plaintiff is found to be entitled to recover any alleged damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to persons or entities other than Defendant.

9.5.    Additionally, if Defendant's fault is determined to be less than 25% of the total fault attributable to Plaintiff, Defendant, and any other third parties, Defendant should only be severally liable.

## Tenth Affirmative Defense

### (Failure to Mitigate Damages)

10.1.   The Complaint is barred, in whole or in part, by Plaintiff's and/or putative class members' (the existence of which is expressly denied) failure to mitigate their alleged damages.

10.2.   Plaintiff and the putative class members voluntarily used Defendant's time tracking devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily use Defendant's time tracking devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

10.3.   Strict compliance with the BIPA (including the publication of a written policy with retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, as well as obtaining advance written consent for the collection, storage, and use of such data and/or disclosing the purpose and length of term for same) would not have stopped Plaintiff or any putative class member from voluntarily using Defendant's time tracking devices and, therefore, would not have prevented the collection, storage, and use of any data, or mitigate against risk associated with the prospect of a data breach, identity theft, or other unauthorized disclosure.

10.4.   Plaintiff failed to complain to Defendant about any alleged about the time tracking system.  Had she raised such concerns, Defendant could have provided Plaintiff the ability to use a different process for clocking in/clocking out.

### Eleventh Affirmative Defense

### (Statute of Limitations)

11.1.   The Complaint may be barred, in whole or in part, by any applicable statutes of limitations, including, but not limited to, the one-year statute of limitations for

publication of matter violating a right of privacy or the two-year statute of limitations for actions involving, among other things, personal injury.  *See* 735 ILCS 5/13-201; 735 ILCS 5/13-202.

11.2.   Defendant implemented its time tracking system at issue in or 2007.

11.3.   Plaintiff did not file this lawsuit until March 11, 2019.

### Twelfth Affirmative Defense

### (Retroactivity)

12.1.   The Complaint is barred, in whole or in part, and class certification is inappropriate because the BIPA is not retroactive and thus, could not apply to the entirety of the class members' claims.

12.2.   The BIPA defines "written release" "in the context of employment," as "a release executed by an employee as a condition of employment."  740 ILCS 14/10.

12.3.   Members of the putative class were Defendant's employees prior to the effective date of the BIPA.

13.4.   As such, no written release under the BIPA could have been executed by those class members "as a condition of employment."

### Thirteenth Affirmative Defense

### (Preemption)

13.1.   The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred or preempted by the Workers' Compensation Act, 820 ILCS 305/1 *et seq*.

### Fourteenth Affirmative Defense

### (Claim or Issue Preclusion)

14.1.   The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred under the doctrines of issue or claim preclusion.

### Fifteenth Affirmative Defense

### (Release or Accord and Satisfaction)

15.1.   The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred under the doctrines of release and/or accord and satisfaction.

### Sixteenth Affirmative Defense

### (Extraterritorial Application)

16.1.   The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) requires extraterritorial application of the BIPA.

### Seventeenth Affirmative Defense

### (Lack of Standing- Injunctive Relief)

17.1.   Plaintiff lacks standing to pursue a claim for injunctive relief.

17.2   Plaintiff has never been an employee of Defendant and is no longer working at any of Defendant's facilities.

## **RESERVATION**

Defendant World Wide Technology, LLC reserves the right to amend its Answer to include any additional affirmative and/or other defenses which may be determined through further fact investigation or discovery in this matter.

## **CONCLUSION**

WHEREFORE World Wide Technology, LLC prays for dismissal of the Complaint, with prejudice, at Plaintiff's cost, and for such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.


Dated: June 21, 2019                                   Respectfully submitted,

                                                       WORLD WIDE TECHNOLOGY, LLC


                                                       *By: /s/ Lauren J. Caisman*

                                                       *Attorneys for Defendant World Wide Technology,*
                                                       *LLC*

                                                       Robert T. Ebert, Jr.
                                                       Darci Madden
                                                       BRYAN CAVE LEIGHTON PAISNER LLP
                                                       One Metropolitan Square
                                                       211 North Broadway, Suite 3600
                                                       St. Louis, Missouri 63102
                                                       Telephone: (314) 259-2000
                                                       Facsimile: (314) 259-2020
                                                       rtebert@bryancave.com
                                                       dfmadden@bclplaw.com

                                                       Lauren J. Caisman
                                                       BRYAN CAVE LEIGHTON PAISNER LLP
                                                       161 North Clark Street, Suite 4300

Chicago, Illinois 60601
Telephone: (312) 602-5079
Facsimile: (312) 698-7479
lauren.caisman@bclplaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document

was served this 21st day of June 2019, to the following:


Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Layfayette Ave., Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com
plesko@pwcklegal.com
(by the Court's ECF system and electronic mail)

Office of the Illinois Attorney General
Deputy Attorney General Roger Flahaven
100 West Randolph Street
Chicago, IL 60601
(by certified mail and Federal Express)

*/s/ Lauren J. Caisman*
Lauren J. Caisman