# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONNIE YOUNG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 19-CV-496-SMY-GCS |
| vs. | ) ) ) |
| WORLD WIDE TECHNOLOGY, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Connie Young, individually and on behalf of all others similarly situated, filed this action alleging that Defendant World Wide Technology LLC ("WWT") violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA") through the use of fingerprint or finger scan technology (Doc. 1-1). Following removal, WWT filed its Answer alleging, among other things, that BIPA is unconstitutional as applied to Plaintiff's claims and allegations in this case (Doc. 10). Contemporaneously with its Answer, WWT filed a Notice of Constitutional Challenge to the Statute, which was served on the Illinois Attorney General (*see* Doc. 11).

Under Federal Rule of Civil Procedure 5.1, a party that raises an argument challenging the constitutionality of a state statute must file a notice of constitutional question and serve it on the state's attorney general. *See* Fed.R.Civ.P. 5.1(a). Under 28 U.S.C. § 2403, the Court must then certify to the appropriate attorney general that a statute has been questioned. Fed.R.Civ.P. 5.1(b). Section 2403 provides in relevant part:

"(a) In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."

28 U.S.C. § 2403. Section 2403 is designed to give the attorney general a fair opportunity to argue, and if necessary, present evidence to save a statute. *Dynamics Corp. v. CTS Corp.*, 794 F.2d 250, 259-60 (7th Cir. 1986).

Accordingly, pursuant to Rule 5.1(b) and § 2403, the Court certifies to the Illinois Attorney General that the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. has been challenged and permits the State of Illinois to intervene in this case by **August 21, 2019**.

**IT IS SO ORDERED.**

**DATED: July 15, 2019**

**STACI M. YANDLE**
**United States District Judge**